**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-20042
Summary Calendar

ROBBYN CHIODI, Individually and as next friend of
DANNIELLE CHIODI,

Plaintiff-Appellant,

VERSUS

SOUTHWEST AIRLINES COMPANY,

Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Texas
(CA H 94 3069)

( August 31, 1995 )

Before WISDOM, JOLLY, and HIGGINBOTHAM, Circuit Judges.

WISDOM, Circuit Judge:[*]

The plaintiff/appellant challenges the district court's dismissal of her action based on a conclusion that her claims were preempted by the Airline Deregulation Act. In addition, she argues

---

[*] Local Rule 47.5.1 provides:
"The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."
Pursuant to that Rule, the Court has determined that this opinion should not be published.

that the district court erred when it denied her motion to have the case remanded to the state court in which it was filed because the district court lacked subject matter jurisdiction.  We REVERSE the grant of summary judgment but AFFIRM the district court's denial of the appellant's motion to remand.

I.

The appellant, a resident of Texas, sent her eight-year-old daughter, Danielle, to visit her aunt and uncle in St. Louis on a Southwest Airlines flight.  Danielle travelled as an unaccompanied minor.  On the return flight, Danielle was not seated in the two front rows of the plane, as compelled by Southwest's policy on unaccompanied minors.  Rather, she was seated in the sixth row next to a male passenger who, over the course of the flight, showed Danielle pornographic material, spoke in a lewd fashion, and exposed his genitals.

In August of 1994, Danielle's mother, the appellant, filed this suit against Southwest Airlines, the defendant/appellee, in Texas state court alleging state tort law causes of action.  The defendant removed the case to federal court.  In September of 1994, the defendant filed a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  The defendant argued that the plaintiff's causes of action were preempted by the Airline Deregulation Act.[1]

---

[1]    49 U.S.C. §1301 et seq.  In 1978, Congress amended the Federal Aviation Act of 1958, "after determining that efficiency, innovation, low prices, variety, and quality would be promoted by reliance on competitive market forces rather than pervasive federal regulation". *Hodges v. Delta Airlines, Inc.*, 44 F.3d 334, 335 (5th Cir. 1995).  Thus, Congress enacted the Airline Deregulation Act to deregulate commercial aviation.

Congress enacted the statute to allow deregulation of commercial aviation and to allow the forces of a competitive market to control the industry.[2] The preemption provision of the Airline Deregulation Act, § 1305, provides:

> No state . . . shall enact or enforce any law, rule, regulation, standard, or other provision having the force and effect of law relating to rates, routes or services of any air carrier having authority under Title IV of this Act to provide air transportation.[3]

The plaintiff made a motion to remand the case to state court arguing that the district court lacked subject matter jurisdiction. The district court denied the plaintiff's motion for remand and dismissed her complaint. The plaintiff appeals.

## II.

On appeal, the plaintiff alleges that the case should have been remanded to Texas state court. To support removal, a defendant must show that federal jurisdiction exists over the suit.[4] The plaintiff in this case challenges the existence of federal subject matter jurisdiction.

The plaintiff notes that her complaint raised only state causes of action and argues that the well-pleaded complaint rule precluded removal on the basis of the only federal question, preemption, a federal defense. As the Supreme Court determined in

---

[2] See, *Hodges v. Delta Airlines, Inc.*, 44 F.3d 334, 335 (5th Cir. 1995).

[3] 49 U.S.C. § 1305.

[4] *Carpenter v. Wichita Falls Independent School District*, 44 F.3d 362, 365 (5th Cir. 1995).

3

*Metropolitan Life Insurance Co. v. Taylor*,[5] "however, Congress may so completely preempt a particular area, that `any civil complaint raising this select group of claims is necessarily federal in character'".[6]  The Supreme Court has held that this "preemption jurisdiction" exists in cases under the Labor Management Relations Act and ERISA.

In *Trans World Airlines, Inc. v. Mattox*, this Court determined that the broad preemption provision of the  Airline Deregulation Act expressed a Congressional intent "to treat a complaint raising `this select group of claims' as `necessarily federal in character.'"[7]  In *Mattox*, the plaintiff asserted a claim that Trans World Airlines violated the Texas Deceptive Trade Practices Act.   This Court concluded that there was federal jurisdiction based on § 1305 of the Airline Deregulation Act.[8]

Thus, in this case, the district court did have subject matter jurisdiction based on 28 U.S.C. § 1331.

III.

---

[5]     481 U.S. 58 (1987).

[6]     *Trans World Airlines, Inc. v. Mattox*, 897 F.2d 773 (5th Cir.), cert. denied, 498 U.S. 926 (1990).   For a discussion of "preemption jurisdiction," see *Willy v. Coastal Corporation*, 855 F.2d 1160, 1165-67 (5th Cir. 1988).

[7]     897 F.2d 773, 787 (5th Cir. 1990).   The *Mattox* decision applied the Supreme Court's rule announced in *Metropolitan Life* to the Airline Deregulation Act.

[8]     Id. at 787-88.   In *Mattox*, this Court also concluded that the plaintiff's claims were actually preempted.   Id.   Although we conclude that federal jurisdiction exists in this case, we do not decide whether the plaintiff's claims in this case are actually preempted.   See, *Willy,* 855 F.2d at 1167.

4

The district court dismissed the plaintiff's complaint based on a determination that § 1305 of the Airline Deregulation Act preempted the plaintiff's causes of action. Since then, this Court has withdrawn an earlier decision and determined *en banc* in *Hodges v. Delta Airlines, Inc.* that § 1305 only preempts state tort causes of action that relate directly to airline services.[9] We concluded in *Hodges* that the plaintiff's negligence claim was not preempted because it was "too tenuously connected to `rates, routes and services' to be preempted by §1305(a)(1)".[10]

The defendant concedes that the *Hodges* decision controls this case.[11] The defendant, however, argues that this Court should postpone deciding this appeal until the Supreme Court has had an opportunity to address the breadth of preemption under § 1305. We see no basis for postponing decision and, therefore, reject the defendant's argument.

We REVERSE the district court's dismissal of the plaintiff's complaint and REMAND for an application of the *Hodges* decision to this case.

---

[9] *Hodges v. Delta Airlines*, 44 F.3d 334, 338-39 (5th Cir. 1995) (*en banc*); see also, *Smith v. America West Airlines*, 44 F.3d 344 (5th Cir. 1995) (*en banc*).

[10] *Hodges*, 44 F.3d at 340.

[11] Brief of appellee at 1. The appellee states, in its one-page brief, that this Court's decisions in *Hodges* and *Smith* are "dispositive of the issues raised in this appeal".